Weldon, J.,
delivered the opinion of the court:
The claimants, as surviving partners of Middleton, Lane & Co., bring this suit to recover the sum of $1,622.38, which they allege to be due them for work performed in the construction of a balustrade, pier, case wall, and coifing on the north front of the Capitol in the years 1882 and 1883. Said sum is the alleged balance of said work, the aggregate being the sum of $3,544.50. The firm made a written contract on the 22d day of August, 1882, with the defendants to construct the north approach to the Capitol, which contract provided for proposal as a separate and distinct matter for building a balustrade and pier. In making specifications for the work embraced in said contract the parties were required to furnish estimates of price “to include all work represented on eight scale general drawing up to line marked limit of contract.” “An estimate per linear foot is to be submitted for the balustrade beyond the line referred to above. Also the cost of one pier.”
The work provided for in the written contract was performed and paid for; no dispute exists as to that; and the only contention is as to the proper measurement of the balustrade, and compensation for 36' 0.6" of coping and wall at $34 per foot referred to in a memorandum hereinafter mentioned. After the said 22d day of August — but it does not appear when the following memorandum Exhibit “A” was made by Thomas Wise-dell, acting as the representative of Frederick Law Olmstead, landscape architect of the United States Capitol.
*87 Exhibit A.

Copy of Memo, in Thomas Wisedell’s handwriting.

Additions to contract of Middleton & Lane, based on their proposal dated, Aug. SS, 188S:
Length, of wall one way, 22' 6"
Returns on pier in wall.. 2' 0
24'6", at $81 pr. ft. $1,984.50
Pier complete. 319. 319.00
Plant case wall and coping.. 36' 6" at $34 pr. ft. 1,241.00
Total amount... 3,544.50
The said memorándum so made was placed in the office of Mr. Clark, Architect of the Capitol, and so remained until the bringing of this suit, when a copy was filed with the papers. It will be seen by a reference to this paper that the contents of the balustrade is placed at the sum of 24 feet and G inches. In the settlement for this work the Architect of the Capitol allowedl9 feet inches as the proper linear measurementof the balustrade, making a difference of 4 feet 8 inches, which, being computed at the sum of $81.34 per foot, makes the sum of $381.37. For said work, on the 3d day of September, 1884, the Architect of the Capitol paid the said company the sum of $1,922.22, being the amount due, as he insisted, upon a correct measurement of the work; but the payment of said sum was qualified by the Architect at the time of payment with the statement, “I do not understand by such acceptance you will relinquish any of your rights at law or equity to recover such payment for this work as may be found legally due.” This qualification prevents the acceptance of said sum operating in law as a settlement or bar to the prosecution of this claim on its merits.
It does not appear that the claim of $1,241 was at the time of said payment the subject of discussion or contention between the parties; but upon the contrary it does appear that the first time Mr. Clark heard of said charge as a claim was when this suit was brought. It is insisted that the measurement stated .in the memorandum is by the legal effect of the memorandum the correct one, and that the claimants have a right to recover upon that as a basis. This work was within the control and jurisdiction of the Architect of the Capitol and the landscape architect, as they were the persons who let the contract. Legally and technically it perhaps belonged to *88 tbe department of the Architect of the Capitol. The memorandum, which the claimants insist has the force of a contract binding the defendants to the measurement therein stated, was given by Thomas Wisedell, a clerk in the office, acting- as the representative of- the landscape architect, as an order to proceed with the work under the provisions of the contract of August 22,1882.
It will be seen that the price of balustrade mentioned in the memorandum is not the same as required by the contract, the contract specifying the sum of $81.34 as the price per foot and the memorandum stating it at $81. That is undoubtedly a clerical error. The memorandum has an additional item of labor to those specified in the contract, and if it is to be regarded as a contract, we must concede to Mr. Wisedell the power of not only having the right to bind the defendants as to labor mentioned in the agreement of August 22,1882, but to make independent and new agreements. The written agreement providing for the balustrade and pier mentioned in the memorandum states “An estimate per linear foot is to be submitted for the balustrade beyond the line referred to above; also the cost of one pier.” For the balustrade the claimants were to be paid $81.34 per linear foot and for the pier the sum of $319.
Looking alone to the written agreement, we find two distinct classes of work specified by the terms of that agreement — balustrade and pier. For the pier the claimants were to receive at the rate of $119 per linear foot; an increase over balustrade of $38 per foot, and in the payment of the $319 that amount has been paid by the defendants. The experts upon the mode of measurement differ in their testimony as to the proper mode, and we are left to the construction of the contract to arrive at the rights of the parties. Having agreed to build the pier for the round sum of $319 and the balustrade at $81.34 per linear foot, the parties made distinct divisions of the work, and the measurement of the balustrade must be distinct from the pier. If the theory of measurement contended for by the claimants should prevail they would receive $319 for the pier and the sum of $81.34 per linear foot for the same work — a result certainly not contemplated by both parties at the time estimates were made as a part of the written agreement. The claimants are entitled to receive the sum of $81.34 for balustrade, but are not entitled to have computed in its measurement the linear *89 space occupied by tbe pier. Tbe order made by Mr. Wisedell must be lieldto be governed by tbe written contract, and tbe defendants are not bound by tbe mode of measurement adopted by that order. Tbe contract for the original work, and about which there is no controversy so far as it is applicable to tlie work, must govern and determine the measure of compensation. As to tbe item of $1,241, it is tbe opinion of tbe court that tbe equivalent of said work is embraced in tbe payment of $1,995.54, and that tbe claimants are not entitled to recover on that item.
Upon tbe whole case tbe judgment of tbe court is that tbe petition be dismissed.